FILED
2017 Aug-08  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **CITY OF PELHAM,** | ) | **JURY DEMAND** |
| **LARRY PALMER,** | ) | |
| **GARY WATERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## JURISDICTION

1.      This Complaint seeks legal and equitable relief to redress Defendants'

violations of Plaintiff's rights secured by the following:

       a.      Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

           U.S.C. § 2000e, *et seq.*, as amended;

       b.      42 U.S.C. § 1983;

       c.      The Fourth Amendment of the United States Constitution;

       d.      The Fourteenth Amendment of the United States Constitution;

       e.      The Stored Communications Act, 18 U.S.C. § 2701, *et seq.*;

1

   f. The Wire and Electronic Communications Interception Act, 18

    U.S.C. § 2510, *et seq.*; and

   g. The laws of the State of Alabama.

2. Federal subject matter jurisdiction exists pursuant to:

   a. 28 U.S.C. §§ 1331, 1343, and 1367;

   b. 42 U.S.C. § 2000e-5(f)(3);

   c. 42 U.S.C. § 1983; and

   d. 18 U.S.C. §§ 2520 and 2707.

## **PARTIES**

3. Plaintiff Jennifer Smith (hereinafter "Smith" or "Plaintiff") is a female individual over nineteen (19) years of age.  Smith is a resident of Shelby County, Alabama and was employed by the City of Pelham, Alabama.

4. Defendant City of Pelham (hereinafter "City" or "Defendant") is a municipal corporation in Shelby County, Alabama.

5. Defendant City of Pelham employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6. Defendant Chief Larry Palmer ("Palmer" or "Defendant") is over the age of nineteen (19) and a resident of Shelby County, Alabama.  Palmer was Chief of Police for the City of Pelham, Alabama at all times relevant to this Complaint.

2

Smith brings suit against Palmer in his individual and official capacities.

7.     Defendant Mayor Gary Waters ("Waters" or "Defendant") is over the age of nineteen (19) and a resident of Shelby County, Alabama.  Waters was Mayor of the City of Pelham, Alabama at all times relevant to this Complaint. Smith brings suit against Waters in his individual and official capacities.

## VENUE

8.     Venue lies in the Northern District of Alabama.  28 U.S.C. § 1391.

## NATURE OF ACTION

9.     Smith alleges that Defendants City of Pelham, Palmer, and Waters engaged in unlawful employment practices and other acts of intentional discrimination, harassment, retaliation; violations of Smith's Fourth and Fourteenth Amendment rights; violations of federal law prohibiting unlawful access and interception of electronically-stored information; defamation; invasion of privacy; interference with contractual or business relations; intentional infliction of emotional distress; and negligent and wanton hiring, training, supervision, and retention.  This action seeks to redress these grievances resulting from the unlawful actions of Defendants, their agents, servants, and employees committed with respect to Smith's employment and otherwise; and for a permanent injunction restraining Defendants from discriminating against Smith

and others similarly situated on account of sex and retaliation.

10.    Smith seeks make-whole relief including reinstatement, back pay, front pay, compensatory damages, and punitive damages where applicable, plus costs, interest, and attorneys' fees.

## ADMINISTRATIVE PROCEDURES

11.    On October 23, 2015, within 180 days of learning of the acts of which she complains, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination, harassment, and retaliation.  **(Attached herein as Exhibit A.)**

12.    On May 9, 2017, the EEOC issued Smith a Notice of Rights to Sue. **(Attached herein as Exhibit B.)**

13.    Smith has satisfied all prerequisites to bringing this action.

## STATEMENT OF CLAIMS

14.    Plaintiff Jennifer Smith is a female individual and member of a protected class.

15.    Smith began her employment in November 2004 as Administrative Assistant to the Chief of Police with the City of Pelham.

16.    The position of Administrative Assistant to the Chief of Police was a newly-created position in 2004 when Smith assumed it.   Smith was the only

individual who worked in that position with the City until Defendants terminated Smith's employment on October 1, 2015.

17.    Smith received good performance reviews throughout her 10+ years of employment.

18.    Chief Larry Palmer became Smith's direct supervisor in or about February 2015.

19.    Prior to Palmer's becoming Chief, Smith expressed concerns to Mayor Waters that Palmer would treat her adversely as her direct supervisor.

20.    Smith explained that she had experienced several instances in which Palmer, in his roles as Lieutenant and Captain, subjected her to gender-related animus while dealing with her in her position of Administrative Assistant to the Chief of Police.

21.    Mayor Waters failed to investigate Smith's concerns prior to approving Palmer's promotion to Chief of Police.

22.    Palmer immediately began subjecting Smith to gender discrimination and harassment upon becoming Smith's supervisor.

23.    Palmer routinely subjected Smith and other female subordinates to bullying and intimidation; adverse working conditions; and less-preferential terms, conditions, and pay of employment compared to Smith's male coworkers.

24.   Palmer denied Smith earned and accrued vacation or compensatory time that he allowed male employees to freely use.

25.   Palmer refused Smith's requests to take time off, even though she provided over twenty-eight (28) days of notice prior to the requested leave.

26.   The leave Smith sought to take was available, earned, and accrued.

27.   On or about September 1, 2015, Smith filed a formal complaint of gender discrimination and harassment with Defendant's Human Resources Department.  Smith complained of her adverse working conditions, the denial of her earned, accrued time off, bullying that she and other female employees were experiencing from Palmer, and her concerns that Palmer would retaliate against her for voicing her complaints of gender discrimination.

28.   On or about September 2, 2015, Defendant's Human Resources Director advised Smith that she would begin an investigation into Smith's complaints.

29.   On or about September 10, 2015, Chief Palmer abruptly changed Smith's lunch schedule that had been set for years.  Smith used her lunch hour between 2:30 and 3:30 to pick up her child from school on occasions when she did not have adequate childcare.  During this specific time, Smith's mother, who had been assisting Smith with childcare, was involved in a family medical situation

that prevented her from assisting Smith with childcare. Palmer knew this when he abruptly changed Smith's lunch hour without prior notice, ten (10) days after Smith filed her formal complaint of discrimination against him with Defendant's Human Resources Department.

30.    On or about September 16, 2015, Smith met with Mayor Gary Waters, the Director of Human Resources, and Chief Palmer.   Smith requested the meetings in an attempt to take her accrued, earned time off on the date she had previously requested from Palmer.  Each met with Smith individually on separate occasions.   The Director of HR and Mayor Waters each encouraged Smith to withdraw her complaint of discrimination, stating that Palmer may agree to allow Smith to use her eight (8) hours of her earned, accrued compensatory time if she did so.  Smith met with Palmer last.  Palmer advised Smith that he was "forced" to allow her to use the eight (8) hours, that he was "not happy" about being forced to do so, and that he was "very disappointed" in Smith.  Smith agreed to withdraw her complaint; however, Smith noted in writing to Human Resources that she was concerned that Palmer was upset with the decision and again expressed her concerns about further retaliation from Palmer.

31.    On September 24, 2015, Chief Palmer suspended Smith pending an internal investigation, without prior written or verbal notice.  Palmer refused to

advise Smith of the nature of the internal investigation or whether there had been any complaints giving rise to the suspension and investigation.

32.    Defendant's Human Resources Director was present during Smith's meeting with Palmer regarding the internal investigation.  The Human Resources Director expressed her own dismay to Smith that she had not been privy to any investigation or complaint against Smith, and had been kept entirely "out of the loop" by Chief Palmer.

33.    Palmer ordered Smith to call in daily to receive any orders directing her return to work.  Smith called in daily pursuant to Palmer's instructions.

34.    During the internal investigation, Defendants entered Smith's private office that only she had ever occupied at the City, where she had a reasonable expectation of privacy, and seized the desktop computer that only she used, and engaged federal authorities to search Smith's computer without a prior warrant or consent.

35.    Defendants intercepted or searched electronically-stored information that was private to Smith and information that was part of personal, password-protected applications or programs for which Defendants did not have a warrant or prior consent to search.

36.    Defendants had no probable cause to believe Smith was engaged in any

unlawful or criminal activity that would warrant a search of her office or a forensics search on her computer.

37.  On October 1, 2015, at approximately 1:00 p.m., Palmer called Smith and ordered her to report to the Human Resources office at 2:00 p.m.  When Smith arrived, Palmer and the Director of Human Resources were present.   Palmer verbally terminated Smith's employment effective that day, alleging that Smith had violated the City's Internet policy and for "conduct unbecoming."

38.   Smith had never been disciplined prior to her termination.

39.   Palmer refused to give Smith anything in writing at any time prior to or during her termination that advised her of the reasons for her termination.

40.   Defendants violated Smith's due process rights with regard to her suspension and termination.

41.   Defendants failed to give Smith pre-termination notice and an impartial pre-termination hearing.

42.   Defendant Mayor Waters failed to remedy Defendants' unlawful employment actions.

43.   Defendant Mayor Waters participated in and condoned the unlawful actions of Palmer, the City, their agents, and servants.

44.   Since Defendants' termination of Smith's employment, she has lost

job opportunities with at least one prospective employer due to Defendants' providing a defamatory negative reference.

45.    Smith brings this action to redress unlawful gender discrimination, harassment, and retaliation following her complaints of discrimination and harassment.

46. Smith seeks to redress Defendants' violations of her Fourth Amendment rights to be free from unlawful search and seizure, and to redress Defendants' unlawful interception of and access to her private, electronically-stored information.

47. Smith seeks redress for Defendants' violations of her Fourteenth Amendment rights to due process as a public employee.

48. Smith also seeks redress for Defendants' violations of Alabama state law.

49. Smith brings suit against Defendants Palmer and Waters in their official and individual capacities.

## COUNT I

### TITLE VII - SEX DISCRIMINATION AND HARASSMENT AGAINST DEFENDANT CITY OF PELHAM

50.    Smith adopts and realleges paragraphs 11-49 as if fully recited herein.

51.    This Count addresses those claims seeking to redress the unlawful employment practices of sex discrimination and harassment conducted by Defendant City of Pelham, its agents, and employees, and ratified by Defendant City of Pelham in violation of federal law prohibiting sex discrimination.

52.    This action seeks to redress grievances resulting from acts of Defendant, its agents, servants, and employees committed with respect to Smith's employment and for a permanent injunction restraining Defendant from maintaining a policy or practice of discriminating against Smith and other persons similarly situated on account of sex.

53.    Smith is a female individual and member of a protected group.

54.    Smith is qualified to perform the job duties of Administrative Assistant and has conducted duties consistent with her position in a satisfactory manner for over ten (10) years.

55.    Defendant subjected Smith to discriminatory treatment based on sex.

56.    Defendant treated Smith less favorably than male employees with respect to the terms, conditions, and pay of her employment.

57.    Defendant subjected Smith to a severe or pervasive work environment, including, but not limited to, routine intimidation and bullying based on sex; denial of earned, accrued vacation time; denial of employment benefits

offered to male employees; an unwarranted internal investigation of Smith; and unlawful searches of Smith's office and computer to which male employees were not subjected.

58.    Smith complained to Defendant's Human Resources Department about gender discrimination, harassment, and retaliation.

59.    Defendant failed to remedy Smith's hostile work environment and retaliation.

60.    Defendant's failures to remedy the unlawful conduct subjected Smith to further harm.

61.    Defendant terminated Smith's employment for pretextual reasons.

62.    Smith's termination was motivated by sex.

63.    Defendant's unlawful employment practices proximately caused Smith to suffer financial duress, wage and benefit loss, loss of employment opportunity, severe emotional distress, physical pain and suffering, and other pecuniary and non-pecuniary losses for which she claims damages.

64.    Smith seeks declaratory and injunctive relief, an award of lost wages and benefits, back pay, front pay, compensatory damages, costs, interest, attorneys' fees, and such other or further relief the trier of fact may assess.

## COUNT II

### TITLE VII - RETALIATION
### AGAINST DEFENDANT CITY OF PELHAM

65.    Smith adopts and realleges paragraphs 11-45 as if fully recited herein.

66.    This Count addresses those claims seeking to redress the unlawful employment practices of retaliation conducted by Defendant City of Pelham, its agents, and employees, and ratified by Defendant City of Pelham in violation of federal law prohibiting retaliation under Title VII.

67.    This action seeks to redress grievances resulting from unlawful acts of Defendant, its agents, servants, and employees committed with respect to Smith's employment and for a permanent injunction restraining Defendant from maintaining a policy or practice of retaliating against Smith and other persons similarly situated who engage in protected activity.

68.    Smith opposed Defendants' treatment of her and those similarly situated which she reasonably and in good faith believed constituted unlawful gender discrimination and harassment.

69.    Smith filed a formal complaint of discrimination with Defendant's Human Resources Department.

70.    Defendants were aware of Smith's opposition and retaliated against

13

her through increasing the severity of the discriminatory terms and conditions of Smith's employment, the severity of her hostile work environment, failing to remedy ongoing retaliatory harassment, and by ultimately terminating her employment.

71.    Defendants subjected Smith to an unwarranted suspension and internal investigation, including unlawful searches of her office and computer, three (3) weeks after Smith filed a formal complaint of gender discrimination with Defendant's Human Resources Department.

72.    Defendant's unlawful retaliation proximately caused Smith to suffer financial duress, wage and benefit loss, loss of employment opportunity, severe emotional distress, physical pain and suffering, and other pecuniary and non-pecuniary losses for which she claims damages.

73.    Smith seeks declaratory and injunctive relief, an award of lost wages and benefits, back pay, front pay, compensatory damages, costs, interest, attorneys' fees, and such other or further relief the trier of fact may assess.

## COUNT III

### SECTION 1983 - FOURTH AMENDMENT VIOLATIONS
### AGAINST ALL DEFENDANTS

74. Smith adopts and realleges paragraphs 31-39, 43, and 46 as if fully

recited herein.

75. Defendants, under color of law, subjected Smith to an unlawful search of her office, without a warrant or prior consent, where Smith maintained a reasonable expectation of privacy.

76. Smith had been the only employee with the City of Pelham who had ever inhabited her private office, which she solely occupied for years.

77. Defendants, under color of law, conducted an unlawful search of Smith's computer, without a warrant or prior consent, into Smith's private information stored or intercepted on her computer, where she maintained a reasonable expectation of privacy.

78. Defendants did not have probable cause or a warrant to conduct searches of Smith's office or computer.

79. Defendants enlisted federal authorities to assist in and conduct the search of Smith's computer.

80. Defendants had no reason to believe Smith was engaged in any criminal or unlawful activity prior to conducting the computer search.

81. A reasonably prudent officer would not have conducted this type of unlawful search and seizure against Smith in the same situation.

82. Defendants were deliberately indifferent to the deprivation of Smith's

well-established civil and constitutional rights.

83.    As a result of the City of Pelham's policies or customs of inadequate hiring, training, supervision, or retention, including Chief Palmer, Mayor Waters, and those acting in concert therewith, the City created an environment that permitted the unlawful search and seizure of Smith's private office and information.

84. Defendants Palmer, Waters, and those acting in concert therewith believed that they were entitled to violate Smith's Fourth Amendment rights to be free from unlawful search and seizure.

85. Defendants' acts, omissions, systemic failures, and deficiencies are policies and customs of the City and are causally connected to the harms suffered by Smith.

86.    Defendants Chief Palmer and Mayor Waters acted with the authority vested in them by virtue of their employment with the City.

87.    Defendants' unlawful conduct proximately caused Smith to suffer financial duress, wage and benefit loss, loss of employment opportunity, severe emotional distress, physical pain and suffering, and other pecuniary and non-pecuniary losses for which she claims damages.

88.    Smith seeks declaratory and injunctive relief, an award of lost wages

and benefits, back pay, front pay, compensatory damages, punitive damages where available, costs, interest, attorneys' fees, and such other or further relief the trier of fact may assess.

## COUNT IV

### SECTION 1983 - FOURTEENTH AMENDMENT VIOLATIONS AGAINST ALL DEFENDANTS

89.  Smith adopts and realleges paragraphs 31-43, 47 as if fully recited herein.

90.  Defendants violated Smith's Fourteenth Amendment rights to due process by unlawfully and unjustifiably depriving Smith of a property interest in her employment.

91.  Defendants violated Plaintiff's right to procedural due process by failing to provide her with written notice of the reasons for her suspension.

92.  Defendants violated Plaintiff's right to procedural due process by failing to and refusing to provide Plaintiff with written notice of any misconduct alleged against her at any time leading up to and including her termination.

93.  Defendants violated Plaintiff's right to procedural due process where it failed to conduct an impartial pre-termination hearing.

94.  Chief Palmer and the Director of Human Resources conducted the

only meeting Smith received, which was her termination meeting.

95.    Defendants denied Smith the opportunity to dispute Defendants'
allegations prior to her termination.

96.    As a proximate result of Defendant's unlawful conduct, Smith has
suffered financial loss, loss of career advancement, emotional distress, physical
pain suffering, and other pecuniary and non-pecuniary damages.

97.    Plaintiff seeks declaratory and injunctive relief, and all legal and
equitable relief available, including back pay, front pay, lost benefits, loss of
career opportunity, emotional distress, compensatory and punitive damages, costs,
interest, attorney's fees, and any such other or further relief the Court deems just
and proper.

## COUNT V

### STORED COMMUNICATIONS ACT VIOLATION
### AGAINST ALL DEFENDANTS

98.    Smith adopts and realleges paragraphs 31-39, 43, and 46 as if fully
recited herein.

99.    Smith maintained a reasonable expectation of privacy in the
workplace.

100.    Smith maintained a private office and computer that were personally

assigned to her.

101.   Defendants had no work-related reason to conduct a search of Smith's computer.

102.  Defendants had no probable cause to search Smith's computer.

103.   Defendants failed to obtain a warrant to search Smith's computer.

104.   Defendants had no reason to believe Smith had committed any computer-related crime.

105.  Defendants' search of Smith's computer was not justified at its inception.

106.   Defendants enlisted the assistance of federal authorities in conducting the search of Smith's computer.

107.   Defendants' search of Smith's computer was not reasonable in scope.

108.   Defendants accessed information from Smith's computer that it knew or should have known was private or password protected.

109.   Defendants used information obtained from Smith computer in an attempt to support their unlawful, retaliatory termination of Smith's employment, causing Smith harm.

110.   Defendants caused Smith further harm by giving a negative reference to at least one prospective employer based on the unlawfully obtained stored

information and termination.

111.   As a proximate result of Defendants' unlawful conduct, Smith has suffered financial loss, loss of career opportunity, emotional distress, physical pain suffering, and other pecuniary and non-pecuniary damages.

112.   Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available, including back pay, front pay, lost benefits, loss of career opportunity, emotional distress, compensatory and punitive damages, costs, interest, attorney's fees, and any such other or further relief the Court deems just and proper.

## COUNT VI

### WIRE AND ELECTRONIC COMMUNICATIONS INTERCEPTION ACT VIOLATION AGAINST ALL DEFENDANTS

113.   Smith adopts and realleges paragraphs 31-39, 43, and 46 as if fully recited herein.

114.    Smith maintained a reasonable expectation of privacy in the workplace.

115.   Smith maintained a private office and computer that were personally assigned to her.

116.   Defendants had no work-related reason to conduct a search of

Smith's computer.

117.  Defendants had no probable cause to search Smith's computer.

118.  Defendants failed to obtain a warrant to search Smith's computer.

119.  Defendants had no reason to believe Smith had committed any computer-related crime.

120.  Defendants' search of Smith's computer was not justified at its inception.

121.  Defendants enlisted the assistance of federal authorities in conducting the search of Smith's computer.

122.  Defendants' search of Smith's computer was not reasonable in scope.

123.  Defendants accessed and intercepted information from Smith's computer that it knew or should have known was private or password protected.

124.  Defendants used information obtained from Smith computer in an attempt to support their unlawful, retaliatory termination of Smith's employment, causing Smith harm.

125.  Defendants caused Smith further harm by giving a negative reference to at least one prospective employer based on the unlawfully obtained stored information and termination.

126.  As a proximate result of Defendants' unlawful conduct, Smith has

suffered financial loss, loss of career opportunity, emotional distress, physical pain

suffering, and other pecuniary and non-pecuniary damages.

127.    Plaintiff seeks declaratory and injunctive relief, and all legal and

equitable relief available, including back pay, front pay, lost benefits, loss of

career opportunity, emotional distress, compensatory and punitive damages, costs,

interest, attorney's fees, and any such other or further relief the Court deems just

and proper.

## COUNT VII

### DEFAMATION
### AGAINST ALL DEFENDANTS

128.    Smith adopts and realleges paragraphs 11-127 as if fully recited

herein.

129.    This is a claim arising under the laws of the State of Alabama

prohibiting defamation, and specifically libel and slander, against all defendants.

130.    Defendants intentionally subjected Smith to negative verbal and

written publicity through false accusations about her performance that intended to

harm her.

131.    Defendants defamed Smith to at least one potential employer,

causing her harm.

132.   Defendants' unlawful conduct proximately caused Smith to suffer financial duress, wage and benefit loss, loss of employment opportunity, severe emotional distress, physical pain and suffering, and other pecuniary and non-pecuniary losses for which she claims damages.

133.   Smith seeks declaratory and injunctive relief, reinstatement, award of lost wages, back pay, front pay, compensatory and punitive damages for loss of career opportunity, humiliation, embarrassment, and mental anguish; costs, interest, and attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT VIII

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATIONS AGAINST ALL DEFENDANTS

134.  Smith adopts and realleges paragraphs 11-133 as if fully recited herein.

135.  There existed a business or contractual employment relationship between Smith and the City of Pelham, Smith and her former colleagues and coworkers, and Smith and members of management who worked for the City of Pelham.

136.  Defendants Palmer and Waters intentionally sought to damage and

harm those relationships to Smith's financial, physical, or emotional detriment.

137.   After Defendants terminated Smith's employment, Defendants intentionally interfered with Smith's business relations with at least one prospective employer by giving Smith an unfounded negative reference.

138.   Smith was damaged as a result of Defendants' intentional interference with her business or contractual relationships.

139.   As a proximate result of the Defendants' conduct, Smith was caused to suffer loss of pay and benefits, loss of career opportunity, emotional distress, physical injury and pain, embarrassment, humiliation, and loss of reputation for which she claims damages.

140.   Smith seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT IX

### INVASION OF PRIVACY
### AGAINST ALL DEFENDANTS

141.   Smith adopts and realleges paragraphs 11-140 as if fully recited herein.

142.   This is a claim against all Defendants for the invasion of Smith's

right to privacy based on the laws of the State of Alabama.

143.     Defendants invaded Smith's personal and emotional sanctum by accessing her personal, private electronically-stored information though an unlawful search and seizure, without a warrant or probable cause.

144.     Defendants invaded Smith's personal and emotional sanctum by subjecting her to severe or pervasive discrimination, harassment, and retaliation and by placing her in a false and unfavorable light with regard to her performance and employment.

145. Defendants' actions intruded into Smith's physical solitude and seclusion by having Smith publically defend herself against Defendants' false accusations.

146. Defendant Mayor Waters participated in and/or condoned the unlawful invasions of Palmer, the City, and their agents and servants.

147. Defendants' conduct proximately caused Smith to suffer embarrassment, humiliation, physical injury and pain, loss of reputation, emotional distress, trauma, loss of pay and benefits, and mental anguish for which she claims damages as set out below.

148.     Smith seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys'

fees, and any and all such other relief the trier of fact may assess.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

149.   Smith adopts and realleges paragraphs 11-148 with the same force and effect as if fully set out in specific detail herein.

150.   This is a claim against all Defendants arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

151.   Defendants subjected Smith to egregious unlawful conduct, including, but not limited to, severe discrimination, harassment, and retaliation; unlawful search and seizure under the Fourth amendment; defamation; invasion of privacy, intentional interference; conversion; and violations of Smith's Fourteenth Amendment rights to due process.

152.   The conduct of the Defendants as described herein was extreme, outrageous, and beyond the bounds of decency.

153.   Such conduct is not condoned by society and should not go unpunished.

154.   Defendants' conduct was intentional and employed to inflict severe emotional distress upon Smith.

155.  Defendants' conduct proximately caused Smith to suffer embarrassment, physical injury and pain, loss of pay and benefits, financial distress, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

156.  Smith seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT XI

### NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST ALL DEFENDANTS

157.  Smith adopts and realleges paragraphs 11-156 as if fully recited herein.

158.  This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision and retention of Defendant City of Pelham's management and those employees under the supervision and control of Defendants Palmer and Waters.

159.  Defendants had a duty to provide a reasonably safe, non-hostile and non-discriminatory work environment to Smith and other employees.

160.  Defendants had actual notice of the actions complained of by Smith.

27

161.  Defendants, having such knowledge, negligently and wantonly failed to train and discipline those employees who actively discriminated, harassed, retaliated and conspired against Smith on an ongoing basis, and failed to protect her from further injury.

162.  Defendant failed to administer its own policies against harassment and discrimination and such behavior which created a hostile working environment and failed to regularly and clearly communicate such policy to its managers, agents, and employees.

163.  Smith's working conditions created by Defendants were adverse and hostile and intended to cause Smith financial, physical, or emotional harm.

164.  Defendants, having knowledge of the infringement of Smith's Fourth and Fourteenth Amendment rights, and violations of other federal and state laws as described herein, failed to train and discipline those employees who actively participated in those deprivations and failed to protect Smith from further injury.

165.  As a proximate result of Defendant's unlawful conduct, Smith suffered loss of pay and benefits, loss of career opportunity, severe emotional distress, physical injury and pain, and other pecuniary and non-pecuniary losses.

166.  Smith seeks declaratory and injunctive relief, reinstatement, award of lost wages, back pay, front pay, compensatory and punitive damages for loss of

career opportunity, humiliation, embarrassment, and mental anguish; costs, interest, and attorneys' fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Smith respectfully requests this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation therewith, from further engaging in discrimination and harassment based on sex and retaliation for engaging in federally-protected activity;

B.    Order Defendant City of Pelham to institute and carry out policies, practices, and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a policy against sex discrimination and harassment in the work place and against retaliation for engaging in protected activities;

C.    Order Defendants to make Smith whole by providing appropriate back pay and front pay, reinstatement, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, compensatory, statutory, and punitive damages where available;

D.    Award Smith compensatory, statutory, and punitive damages;

E.      Award Smith costs, interest, and attorneys' fees; and

F.      Award such other and further relief the Court deems necessary and

proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES

Respectfully submitted,

/s/Sonya C. Edwards
Alicia K. Haynes ASB-8237-E23A
Sonya C. Edwards ASB-8848-S73E
Attorneys for Plaintiff


**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
E-mail:  scedwards@haynes-haynes.com


## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:

City of Pelham                          Mayor Gary Waters
Attn: City Clerk                        City of Pelham
P.O. Box 1419                           3162 Pelham Parkway
Pelham, AL  35124                       Pelham, AL  35124

Chief Larry Palmer
City of Pelham Police Department
32 Phillip Davis Street
Pelham, AL 35124