IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-1320-VEH |
| | ) |
| **CITY OF PELHAM, LARRY** | ) |
| **PALMER, and GARY WATERS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

"[A] party may file a motion for summary judgment <u>at any time</u> until 30 days after the close of all discovery." FED. R. CIV. P. 56(b) (emphasis added). Here, the Defendants filed a combined Motion To Dismiss and Motion For Summary Judgment early on in the litigation. (Doc. 13).

Two motions are before the Court. The first is the Motion To Dismiss (the "Defendants' Motion") Plaintiff Jennifer Smith's Complaint filed by Defendants City of Pelham, Gary Waters, and Larry Palmer (collectively "Defendants"). (Doc. 13). In the alternative, the Defendants' Motion seeks summary judgment in favor of the Defendants. (Doc. 13 at 1). The second is a motion, under Rule 56(d), for the Court to defer considering the Defendants' alternative argument for summary judgment (the

"Rule 56(d) Motion"). (Doc. 22). Both motions are ripe for review. For the reasons herein stated, the Rule 56(d) Motion is due to be **DENIED** and the Court **DEFERS** ruling on the Defendants' Motion until the Plaintiff has an opportunity to submit further briefing.

## II. RELEVANT BACKGROUND

Smith filed her complaint in the Northern District of Alabama on August 8, 2017. (Doc. 1). In her Complaint, she alleges ten counts against the Defendants stemming from her employment with the City of Pelham. (*See* Doc. 1 at 4-10). She claims violations under Title VII, 42 U.S.C. § 1983, the Fourth Amendment, the Fourteenth Amendment, the Stored Communications Act, the Wire and Electronic Communications Interception Act, and Alabama state law. (*Id.* at 1-2).

## III. STANDARD

### A. Motion To Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99,

103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to

an entitlement to relief." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

### B.  Motion For Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, Depo.s, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those

portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden

of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial.

6

*Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

## IV. THE RULE 56(D) MOTION

As an initial matter, Smith moves the Court to defer consideration of (or deny) the Motion For Summary Judgment until discovery has taken place. (Doc. 22). She argues that she needs to cross examine Palmer and gather more evidence. (*See id.* at 4-5). In support, Smith's attorney, Sonya C. Edwards, submitted a declaration. (Doc. 22-1). In that declaration, she refers to five relevant areas in which she would like more discovery. (*See* Doc. 22-1 at 3-4). Specifically, she states:

> Discovery is needed with regard to the deposition of Defendant Palmer to rebut his Declaration; relevant personnel records; relevant leave and leave policy records; information relevant to the investigation allegedly relied on by Defendants in support of Smith's termination; discovery regarding the due process allegedly afforded Smith; and discovery relating to Smith's claims that Defendants defamed her with a poor reference, interfering with her post-termination employment opportunities.

(Doc. 22-1 at 4).

In response, Defendants argues that "[Smith] has failed utterly to adduce what specific facts need to be discovered in order for her to respond to the Motion." (Doc. 29 at 2). They also argue that "[s]he has also failed to demonstrate why the

7

information in her (or her attorney's) possession . . . do not sufficiently allow her to, at this juncture, identify facts creating a genuine dispute." (*Id.* at 3). Defendants argue that Smith could enter a sworn affidavit showing there is a dispute, but she has not done so. (*See id.* at 4-7).

Judge Steele in *Vision Bank v. Merritt* ably states the relevant rule:

That rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* This rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir.1989). The grant or denial of relief under Rule 56(d) lies within the sound discretion of the trial court. *See Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir.1989).

Notwithstanding the discretionary nature of Rule 56(d), there are black-letter limits to the exercise of that discretion. The law of this Circuit provides that, as a general proposition, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir.1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir.1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F.Supp.2d 1064, 1067 n. 1 (S.D.Ala.2007) (reciting general rule). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process

to gain access to the requested materials." *Snook*, 859 F.2d at 870. Where district courts fail to honor these principles, appellate courts have found error. *See, e.g., Jones*, 120 F.3d at 253 (district court abused its discretion in deciding summary judgment motion where plaintiffs never had opportunity to examine requested documents or to depose defendant's witnesses); *Dean*, 951 F.2d at 1213–14 (district court abused discretion by granting summary judgment for defendant without ruling on plaintiff's motion to compel, such that summary judgment was entered on potentially inadequate record).

That said, something more than a casual citation to Rule 56(d) is needed before a nonmovant may be granted relief from a precipitous summary judgment motion. In particular, the party seeking to delay adjudication of the motion "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone*, 862 F.2d at 843 (citations and internal quotations omitted).

*Vision Bank v. Merritt*, No. 10–0301-WS–C, 2010 WL 5474161, *2 (S.D. Ala. Dec. 8, 2010) (Steele, J.) (internal footnotes omitted). The case goes on to state that:

A party cannot use Rule 56(d) as a springboard for a fishing expedition or a delay tactic, but must instead specify what documents or discovery are needed, and why those materials are relevant to the issues raised on summary judgment.

*Id.* at *3.

With those principles in mind, the Court turns to the Rule 56(d) Motion. The Court is not persuaded that Smith has met her burden. It is inadequate on its merits. In it, Smith recites the differences between what the Complaint alleges and what

9

Defendants' Motion states are undisputed facts. (*See id.* at 2-4). She then lists six general areas where "[d]iscovery is needed." (*See id.* at 4). This is not enough.

This Court is particularly persuaded by the Eleventh Circuit in *Garner v. City of Ozark*, 587 F. App'x 515, 518 (11th Cir. 2014). In that case, the defendants filed a motion to dismiss almost every claim and also moved for summary judgment on every claim. *See id.* at 516-17. "The district court granted [the plaintiff] discovery under FED. R. CIV. P. 56(d) and denied the Defendants' summary judgment motion, but with leave to refile at an appropriate time." *Id..* at 517. The Eleventh Circuit reversed this decision. *See id.* at 518-519. "[The plaintiff] has not articulated what particular facts she expects to discover. Neither has she provided any explanation of how those facts would be relevant to the issue of immunity." *Id.* at 518. The Eleventh Circuit also noted the particular circumstances at play when, as in this case, qualified immunity is an issue:

> "In qualified immunity cases, the [Rule 56(d) ] balancing is done with a thumb on the side of the scale weighing against discovery." [*Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998).]; *see also Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987) (cautioning that district courts should be especially careful in allowing Rule 56(d) discovery before considering a qualified-immunity based summary judgment motion). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009) (quotation omitted).

*Id.* at 518.

Smith's attorney's declaration does not specifically stated what relevant facts she plans to explore through discovery. (*See* Doc. 22-1 at 4). Accordingly, it does not convince the Court that Smith is not simply embarking on a fishing expedition.[1]

Smith's counsel declares that "[t]he United States Supreme Court acknowledges that employees are entitled to 'broad access to an employer's records.' *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 657 (1989)." (*Id*. at 5). The Court can only assume that Smith's counsel did not actually read the *Wards Cove* decision. Her declaration to the contrary notwithstanding, *Wards Cove* does not stand for the proposition that employment discrimination cases are accorded special treatment under Rule 56.

---

[1] The declaration's citation to the *Wards Cove Packing* case is not particularly helpful because the Supreme Court was just mentioning how the discovery rules liberally address concerns that the "specific causation requirement is unduly burdensome on Title VII plaintiffs." (Doc. 22-1 at 4-5) (citing *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 657 (1989)). The Supreme Court stated, in relevant part:

> Some will complain that this specific causation requirement is unduly burdensome on Title VII plaintiffs. But liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims. . . . Plaintiffs as a general matter will have the benefit of these tools to meet their burden of showing a causal link between challenged employment practices and racial imbalances in the work force; respondents presumably took full advantage of these opportunities to build their case before the trial in the District Court was held.

*Wards Cove Packing Co.*, 490 U.S. at 657-58. This case has nothing to do with a qualified immunity defense.

Further, in her Rule 56(d) Motion and accompanying "declaration" (Docs. 22, 22-1), Smith never even references qualified immunity, much less explains what facts she needs to develop to allow her to address this issue central to Defendants' Motion. This failure is particularly egregious in light of the fact that one of the purposes of qualified immunity is to alleviate discovery abuse. *See Garner*, 587 F. App'x at 518.

The Rule 56(d) Motion is **DENIED**.

V. **MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

The Court now turns to the pending Motion To Dismiss and alternative Motion for Summary Judgment. Throughout her response, Smith addresses the Motion as if it was just under Rule 12(b)(6). (*See generally* Doc. 23 at 3-4) (only citing the standard for 12(b)(6) motions). It was filed on the same day as her Rule 56(d) Motion, and her response to the Defendants' Motion often refers to her Rule 56(d) Motion. (*See id.* at 2, 3, 7, 15). Smith does not adequately respond to the Defendants' facts in her fact section; she just refers the Court to her Complaint. (*Id.* at 3). Her response is also lacking citations to relevant case law that one would expect on a Motion For Summary Judgment. (*See id.* at 4-16). For example, this is particularly pronounced in her discussion regarding Count III and XI (though there are more examples). (*See id.* at 7, 14-15).

Additionally, Smith seems to use this Court's decision in *White v. Vivier*

*Pharma Corp.* to argue that if a defendant does not cite to a case procedurally at the 12(b)(6) stage, then it is unsupported:

> Every case cited by Defendants in this section involves either an appeal from summary judgment or a post-trial judgment as a matter of law. (See Doc. 13, pp. 10-11.) Defendants fail to cite any authority applying the correct standard for a Rule 12(b)(6) motion to dismiss. Because Defendants' motion is unsupported, its motion to dismiss Smith's harassment claim is due to be denied. *See White*, 2012 WL 1424916, at *3 (denying motion to dismiss where the defendant failed to cite authority considering a Rule 12(b)(6) record).

(*See id.* at 4). That is a clear misunderstanding of what the Court did in *White*. All the Court did in *White* was decline to dismiss a claim for invasion of privacy when the defendant failed "to persuade this court that the facts asserted by Ms. White do not plausibly support an invasion of privacy claim under Alabama law." *White*, 2012 WL 1424916, *3. The Court was not persuaded by the defendant's cases because they were not at the 12(b)(6) stage and the defendant was arguably trying to get the court to make favorable factual determinations. *See id.* The Court merely declined to require more of the plaintiff than applicable case law required. *See id.* Smith's interpretation of *White* goes too far.

The Court encourages parties to cite to whatever case best advances their client's position. Those cases don't have to be just at the 12(b)(6) stage. Indeed, often times cases at summary judgment may explain that area of the law the best.

13

Sometimes the procedural posture of the case is crucial; however, there is nothing wrong with citing to a case in a different procedural posture to show a cause of action's elements.

The Court certainly hopes that it is misunderstanding what Smith is trying to take away from the *White* decision. Such an argument seems particularly weak–almost disingenuous– especially when Smith's own brief cites to a case on appeal from summary judgment. (*See* Doc. 23 at 10) (citing *Diemert v. City of Mobile*, 474 So. 2d 663 (1985) (in the procedural posture of a case on "appeal from a summary judgment")). That is something Smith's own brief criticized the Defendants for doing just six pages before and arguably again in the very next sentence. (*See id.* at 4) ("Every case cited by Defendants in this section involves either an appeal from summary judgment or a post-trial judgment as a matter of law. . . Defendants fail to cite to any authority applying the correct standard for a Rule 12(b)(6) motion to dismiss."); (*see id.* at 10) ("Defendants fail to cite to any Rule 12(b)(6) authority in support of their motion to dismiss."). Smith later cites to another case at summary judgment. (*See* Doc. 23 at 11) (citing *Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F.Supp.2d 1079 (M.D. Ala. 2010) ("These claims are before the court on motions for summary judgment.")).

Smith clearly put most of her eggs in the Rule 56(d) basket.[2] Her brief is generally unresponsive to summary judgment arguments, is based on a misunderstanding of this Court's decision in *White*, and does not fully comply with this Court's Uniform Initial Order for the proper way to respond to Motions For Summary Judgement. The Court finds that an opportunity for further briefing is in order before it rules on the Motion To Dismiss and Motion For Summary Judgment. In no uncertain terms, the Defendants' Motion is one for summary judgment, in addition to a 12(b)(6) challenge. (*See generally* Doc. 13). Smith should respond accordingly.

## VI. CONCLUSION

In conclusion, the Court takes the following actions:

- Smith's Rule 56(d) Motion To Defer Consideration of or Deny Defendants' Motion For Summary Judgment (Doc. 22) is **DENIED**.

- The deadline for Smith to rebrief the issues raised in the Defendants' Motion (this includes 12(b)(6) and summary judgment arguments) is 21 days from the date of this order. Defendants are permitted to reply within 14 days after that. The Court will review the Defendants' Motion

---

[2] *C.f. Vision Bank*, 2010 WL 5474161, *4 (noting that "defendant's response in opposition to Vision's Motion for Summary Judgment is wholly inadequate, in terms of both factual support and legal development.").

at the end of this additional briefing.

- All further briefs must conform with this Court's Uniform Initial Order regarding the proper way to respond to motions for summary judgment.

- This case is hereby **STAYED** pending the outcome of the Defendants' Motion.

**DONE** and **ORDERED** this the 7th day of March, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge