**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JENNIFER SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-1320-VEH |
| | ) |
| **CITY OF PELHAM, LARRY** | ) |
| **PALMER, and GARY WATERS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Jennifer Smith ("Smith") filed her Complaint against Defendants City of Pelham, Larry Palmer, and Gary Waters on August 8, 2017. (Doc. 1). The Complaint pursues eleven different claims ranging from Title VII to the Fourth Amendment to the United States Constitution, the Stored Communications Act, and Alabama state law. (*See id.* at 1-2). Defendants filed a Motion To Dismiss, combined with an early Motion for Summary Judgment, (the "Motion") that is the subject of the present Memorandum Opinion and Order. (Doc. 13). Smith responded to that Motion, and also filed a Rule 56(d) Motion. (Docs. 22, 23). The Court denied the Rule 56(d) Motion and gave Smith time to file an adequate response to the Motion. (Doc. 36). The briefing is complete and the Court now takes the Motion under submission. For

the reasons stated herein, the Court **ORDERS** Smith to replead her Complaint and **DENIES** the Motion without prejudice.

II. ANALYSIS

The Court has concerns about evaluating the merits of the Defendants' Motion based on its uncertainty about the scope of Smith's Complaint and the numerous pleading deficiencies contained therein.

Smith's Complaint represents a classic "shotgun pleading." This sort of pleading fails to comply with the requirements set forth in the Federal Rules of Civil Procedure. The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions." *Osahar v. U.S. Postal Service*, 297 F. App'x 863, 864 (11th Cir. 2008). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets," *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010), and making it "'virtually impossible to know which allegations of fact are intended to support which claim(s)

for relief.'" *Popham v. Cobb Cnty., Ga. Gov't*, 392 F. App'x 677, 680 (11th Cir. 2010) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Courts have a role to play in preventing shotgun pleadings from frustrating the "just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. For example, defendants can (and should) move for a more definite statement before moving to dismiss or filing an answer. *See Weiland v. Palm Peach County Sheriff's Office*, 792 F.3d 1313, 1321-23 & n.10 (11th Cir. 2015) (encouraging parties to move for a more definitive statement and explaining the Eleventh Circuit's position on shotgun pleadings). Generally, the appropriate response to a shotgun complaint is to dismiss it and allow the plaintiff an opportunity to amend to provide greater specificity. *Anderson*, 77 F.3d at 366; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("In the past when faced with [shotgun] complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims.").

The Eleventh Circuit has even noted the four types of shotgun pleadings:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last

3

count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1313 (internal footnotes omitted). Smith's Complaint is replete with these issues.

For example, Smith's Complaint has numerous examples of the first type of shotgun pleading– re-alleging previous paragraphs without discerning what facts matter. (Doc. 1 at 10 ¶50, 13 ¶65, 22 ¶128, 23 ¶134, 24 ¶141, 26 ¶149, 27 ¶157). This pleading error starts fairly small. The first time she only re-alleges 38 paragraphs. (*Id.* at 10 ¶50). However, by the end of the Complaint the error crescendos to re-alleging a total of 145 paragraphs. (*Id.* at 27 ¶157). This is unacceptable.

Additionally, Smith's Complaint names three defendants– the City of Pelham, Larry Palmer, and Gary Waters. (*Id.* at 2-3). However, her Complaint fails have one count for each defendant. (*Id.* at 14, 17, 18, 20, 22, 23, 24, 26, 27). This problem is

compounded when Smith fails to make clear which Defendant she is talking about. (*See e.g., id.* at 13 ¶¶70-72, 15 ¶¶77-80). This is even a problem in the "statement of claims" section. (*See id.* at 8-10) (emphasis and capitalization omitted). Smith will refer to plural "Defendants" in one paragraph, then refer to the now singular "Defendant" the next, and vice versa. (*See e.g., id.* at 28 at ¶¶164-65). At least once, Smith referred to plural defendants, then a singular defendant, then plural once more. (*Id.* at 28 ¶¶161-164). The three Defendants are not the same person. Smith needs to distinguish which Defendant she is talking about.

The foregoing were just a few examples of the flaws in this Complaint. There are more that should be fixed in the new amended complaint. Pleading a Complaint with facts and clarity is especially important in a case like the present, where Smith alleges eleven counts against three defendants. (*See generally* Doc. 1). Repleading the Complaint will clarify the case and help the parties focus on what precisely Smith is alleging. Doing so protects Smith's interests as it will help ensure that none of her numerous theories are lost in the web of a shotgun pleading.

## III. CONCLUSION

Accordingly, Smith is **ORDERED** to file a new complaint within fourteen (14) days of the date of this Order. The amended complaint must comply with Rule 10(b), so that each count for relief contains only one defendant <u>and one cause of action</u>.

Each count must include facts that <u>plausibly</u> support why the stated Defendant is liable to Smith under that count. This Order does not preclude a general recitation of facts, but mere incorporation by reference followed by a series of legal conclusions is insufficient. What really matters are the facts specifically supporting each count.

Plaintiff should also be mindful of the requirements for stating a plausible claim for relief under FED. R. CIV. P. 8(a), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Counts for which Smith, upon reflection, is unable to muster sufficient factual matter to plausibly state a claim shall not be included in the amended complaint. While Rule 8 does not require hyper-technical and detailed pleading, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

The failure of Smith to replead her claims consistent with the contours of this ruling may warrant further action by this Court, including a dismissal of some or all of her claims with or without prejudice.

In light of this repleader order, the pending Motion is hereby **DENIED without prejudice**. (Doc. 13) Additionally, the **STAY** the Court placed on the case from March 7 is hereby **LIFTED**. (Doc. 36). Finally, the Court **GRANTS** the motions for leave to file excess pages of documents already submitted. (Docs. 41, 42).

**DONE** and **ORDERED** this the 27th day of April, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge