IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:17-CV-1320-ACA** |
| ) | |
| **CITY OF PELHAM,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**PLAINTIFF'S NOTICE REGARDING MISTAKE
IN ORDER ON PLAINTIFF'S MOTION TO STRIKE THE
AFFIDAVIT OF JOHANNA STOKES (DOC. 122)**
_____

COMES NOW Plaintiff Jennifer Smith ("Plaintiff), by and through her attorneys of record, and respectfully provides this Honorable Court with notice of the following incorrect statement in the Court's May 27, 2020 Order denying Plaintiff's Motion to Strike the Affidavit of Undisclosed Witness Johanna Stokes: "Ms. Smith's response in opposition to the motion for summary judgment made no mention of Ms. Stokes' affidavit or the exhibits attached to that affidavit."  (Doc. 122, p. 3).  The Court was mistaken. Plaintiff did reference Stokes' affidavit and exhibits in the summary judgment opposition brief.  In support of this Notice, Plaintiff states as follows:

1. This is an employment discrimination lawsuit in which Plaintiff alleges

the City of Pelham ("Defendant"), her former employer, fired her because of her gender and in retaliation for opposing gender discrimination, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* as amended. (Doc. 59, pp. 3-40).

2. As Plaintiff has already noted (doc. 114, p. 14, ¶ 6) and as Pelham Mayor Gary Waters agreed (doc. 100-2, p. 136, 166:14-167:22), Defendant's email policy does not prohibit use of work email for personal matters. Nonetheless, Defendant cites, among other things, Plaintiff's alleged improper use of her work email for personal matters as a legitimate, non-discriminatory, and non-retaliatory reason for firing Plaintiff. (Doc. 108, pp. 33-34 & n.206).

3. On March 13, 2020, Defendant filed a motion for summary judgment along with a brief and an evidentiary submission. (*See* docs. 98, 99, 99-1, & 100 through 100-11).

4. Defendant included in its evidentiary submission an affidavit from Johanna Stokes. (Doc. 100-9, pp. 2-3). In her affidavit, Stokes alleged that on May 9, 2020 she did her own investigation regarding emails purportedly unrelated to Plaintiff's work which were allegedly sent or received by Plaintiff during her employment with Defendant. Stokes presented her "analysis" in the form of spreadsheets attached to her affidavit. (*Id.* at 10-15).

5. Defendant did not disclose Johanna Stokes as a witness contrary to the

requirements of Federal Rule of Civil Procedure 26(a)(1). (*See, e.g.*, doc. 119, pp 3-4 & Exhibits A-D).

6. Accordingly, on May 22, 2020, Plaintiff objected to Defendant's reliance on Stokes' affidavit and filed a Motion to Strike it from the record. (Doc. 119).

7. On May 27, 2020, this Honorable Court denied Plaintiff's motion, concluding "that the failure to disclose Ms. Stokes as a witness was harmless, and striking her affidavit is not warranted at this stage in the proceeding." (Doc. 122, p. 3).

8. In explaining its reasoning for this conclusion, the Court stated, among other things, that: "Ms. Smith's response in opposition to the motion for summary judgment made no mention of Ms. Stokes' affidavit or the exhibits attached to that affidavit. (*See generally* doc. 114)." (Doc. 122, p. 3).

9. Plaintiff respectfully submits that this statement is inaccurate. Plaintiff referenced Stokes' affidavit and exhibits in paragraph 65 of the additional facts section of her summary judgment opposition brief in which she stated:

> McGill did not obtain Plaintiff's emails prior to her termination. (*Id.* at p. 78-79, 308:13-311:10; doc. 111-5, p. 134). Regardless, of the 93 supposedly unauthorized emails the City relies on, 28 were emails Plaintiff did not send; 15 were emails that were sent after business hours; and 7 were sent while Plaintiff was on vacation. (**Doc. 100-9, p. 10-14**; Doc. 111-1, p. 40-45).

(Doc. 114, p. 30, ¶ 65) (emphasis added).

10. Plaintiff also addressed Stokes' affidavit and exhibits in footnote 14 of her opposition brief, which states:

> These emails were clearly not sent during business hours, or even during the work week. In its calculation, Defendant includes one email sent on Sunday, May 10, 2015, along with emails sent at 11:23 p.m., 10:06 p.m., 4:02 a.m., 6:27 p.m., 5:33 p.m., 5:34 p.m., 6:27 p.m., 10:49 p.m., 4:49 a.m., 6:20 p.m., 4:28 a.m., 5:33 p.m., 2:01 a.m., and 1:50 a.m. (Doc. 100-9, p. 10-14).

(Doc. 114, p. 30, n.14).

11. Accordingly, the Court is mistaken in its conclusion that Plaintiff made no mention of Ms. Stokes' affidavit and exhibits. Although Plaintiff maintains that Defendant is not entitled to summary judgment on any claim in this case regardless of the Court's consideration of testimony of an undisclosed witness, the Court is free to reconsider its own ruling in light of this oversight and grant Plaintiff's Motion to Strike. *See* Fed. R. Civ. P. 60(a) (noting that the "the court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and that "[t]he court may do so on motion or on its own, with or without notice"); *see also* doc. 119.

WHEREFORE, PREMISES CONSIDERED, for the purposes of ensuring an accurate record and providing the Court with an opportunity to reconsider its ruling, Plaintiff respectfully requests that this Honorable Court take notice that Plaintiff did refer to Johanna Stokes' affidavit and exhibits, which were the subject of Plaintiff's Motion to Strike (doc. 119), in its summary judgment opposition brief.

Respectfully Submitted,

*/s/ Brian O. Noble*
Alicia K. Haynes
Brian O. Noble
Attorneys for Plaintiff

**OF COUNSEL:**
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
(205) 879-0377
akhaynes@haynes-haynes.com
bonoble@haynes-haynes.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notice to the following counsel of record:

J. Bentley Owens, III
J. Frank Head
Grace Graham
ELLIS, HEAD, OWENS & JUSTICE
113 North Main Street
P.O. Box 587
Columbiana, Alabama 35051
Email:  bowens@wefhlaw.com
        jfhead@wefhlaw.com
        ggraham@wefhlaw.com

*/s/Brian O. Noble*
OF COUNSEL